# UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | | |
|---|---|---|
| RHONDA DOWNEY AS PERSONAL REPRESENTATIVE OF THE ESTATE OF LATASHA HUDSON, AND INDIVIDUALLY, <br>    Plaintiffs <br> VS. <br><br> OXFORD MANAGEMENT SERVICES <br>    Defendants. | ) ) ) ) ) ) ) ) ) | Civil Action No.: 08-720 |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter ''FDCPA'') which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the defendants transact business here and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff, RHONDA DOWNEY , is over the age of nineteen years and is residing in Mobile County, Alabama. She is also the personal representative of the Estate of Latasha Hudson.

4. Defendant, OXFORD MANAGEMENT SERVICES, is a corporation engaged in the business of collecting debts in this state with its principal place of business located in New York.

5. The principal purpose of Defendant is the collection of debts using the mails and telephone.

6. Defendants regularly attempt to collect debts alleged to be due another.

7. Defendants are ''debt collectors'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

8. Defendants owed a duty or assumed a duty to plaintiff. Defendants, at all material times hereto, were acting through their agents, servants and/or employees and are liable to plaintiff under *respondeat superior* and/or agency theories or are otherwise vicariously liable to plaintiff.

### IV. FACTUAL ALLEGATION

9. Latasha Hudson, Rhonda Downey's daughter, was tragically killed in a car wreck on 16 June 2008. Defendant began contacting plaintiff, despite her loss, to pay her deceased daughter's bills and continued to do so even after defendant was notified she was represented by counsel. Said efforts continued through October 2008.

### COUNT I
### (FDCPA)

10. Plaintiff adopts and incorporates by reference paragraphs one through nine above.

11. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, one or more of the prohibitions set out in 15 U.S.C. § 1692 *et seq*.

12. As a proximate result of defendant's acts and/or omissions, and each of them, plaintiff claims relief afforded under the FDCPA.

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against the Defendant for the following:

A. Declaratory judgment that defendant's conduct violated the FDCPA, and declaratory and injunctive relief for the defendant's violations of the Act;

B. Actual damages;

C. Statutory damages;

D. Costs and reasonable attorney's fees;

F. For such other and further relief as may be just and proper.

## COUNT II
## (NEGLIGENCE)

13. Plaintiffs adopt and incorporate by reference paragraphs 1 through 9 by reference as if fully set out herein.

14. Defendant negligently engaged in efforts to collect a debt from plaintiffs; failed to have and/or improperly implemented policies and/or procedures concerning the same; and/or negligently trained, retained, supervised, selected, hired, and/or disciplined their agents, servants, and/or employees.

15. As a proximate consequence and result of said negligence of defendant, plaintiff was damaged.

WHEREFORE, plaintiff demands compensatory damages in excess of the minimal jurisdictional limits of this Court.

## COUNT III
## (WANTONNESS)

16. Plaintiffs adopt and incorporate by reference paragraphs 1 through 9 by reference as if fully set out herein.

17. Alternatively, defendant wantonly engaged in efforts to collect a debt from plaintiffs; failed to have and/or improperly implemented policies and/or procedures concerning the same; and/or negligently trained, retained, supervised, selected, hired, and/or disciplined their agents, servants, and/or employees.

18. As a proximate consequence and result of said wantonness of defendant, plaintiffs were

damaged.

WHEREFORE, plaintiffs demand compensatory and punitive damages in excess of the minimal jurisdictional limits of this Court.

## COUNT IV
## (INVASION OF PRIVACY)

19. Plaintiff adopts and incorporates by reference paragraphs 1 through 9 by reference as if fully set out herein.

20. Defendant invaded the privacy of plaintiffs through their improper collection efforts.

21. As a proximate consequence and result of said invasion of privacy by defendant, plaintiff was damaged.

WHEREFORE, plaintiffs demand compensatory and punitive damages in excess of the minimal jurisdictional limits of this Court.

```
                                        /s/James Dailey
                                        James J. Dailey (DAIJ0324)
                                        21 N. Florida St.
                                        Mobile, AL 36607
                                        (251)-441-9946
                                        jdailey63@hotmail.com
```

**DEFENDANTS DEMAND A JURY TRIAL**

```
/s/James Dailey
```

**DEFENDANTS CAN BE SERVED VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED AS FOLLOWS**:

OXFORD MANAGEMENT SERVICES
135 Maxess Road
Melville, NY 11747